**The below described is SIGNED.**

**Dated: March 16, 2006**         _William J. Thurman_
                                  **WILLIAM T. THURMAN**
                                  **U.S. Bankruptcy Judge**



_____

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| In re: | |
| **John H. Kelly,** | Bankruptcy Number 02-24900 |
| Debtor. | Chapter 7 |
| | |
| **J. Kevin Bird, Trustee**, | Adversary Proceeding No. 04-02477 |
| Plaintiff, | |
| v. | Judge: William T. Thurman |
| **Robert N. Pratt and Superior Ice Co., Inc.**, | |
| Defendants. | |

## MEMORANDUM DECISION

The matter before the Court is the Defendants' Motion to Quash Subpoenas Issued by Plaintiff. The Court considered a hearing on this matter on March 2, 2006. Dianna Gibson and Paul Veasy appeared on behalf of the Defendants, and Adam Affleck and Drew Clawson appeared on behalf of the Plaintiff. The parties presented oral arguments. Based upon the same, the Court issues this Memorandum Decision.

## I.     FACTUAL BACKGROUND

On March 26, 2004, the Plaintiff commenced this adversary proceeding against the Defendants. At issue is whether the Debtor had an ownership interest an interest in the Defendant corporation ("Superior"), which became property of the estate administered by the Plaintiff, the chapter 7 trustee in this case. All parties agree that Robin Bastar and Curt McNeely, accountants for Superior, will be important witnesses in this matter. On October 25, 2005, Plaintiff issued subpoenas to Mr. Bastar and Mr. McNeely who had been hired by counsel for Superior as consultants for this litigation and who provided data to counsel for Superior. In connection with that relationship, counsel for Superior responded to the subpoenas with a Motion to Quash, asserting protections on the basis of the Attorney-Client Privilege and the Work-Product Doctrine. The Motion to Quash is the subject of this decision. At the hearing on this matter, counsel for Superior objected to the Court holding an *in camera* review of the evidence at issue.

## II.    JURISDICTION AND VENUE

The Court has jurisdiction over this matter under 28 U.S.C. § 157(b)(2)(E). Venue is appropriate under 28 U.S.C. § 1408(1).

## III.   ANALYSIS

A party asserting the protections of privilege or the work-product doctrine has the burden of establishing the protection's applicability.[1] A party may carry this burden by submitting evidence, often in the form of an affidavit and accompanying privilege log, containing sufficient

---

[1] Motley v. Marathon Oil Co., 71 F.3d 1547, 1550 (10th Cir. 1995).

*2*

information to support each element of the asserted protection.[2] Generally, an affidavit and privilege log by themselves are insufficient evidence of an asserted protection. The primary method for a Court's review of asserted protections will be the Court's review of the affidavit and privilege log *in conjunction with an in camera review* of the evidence to be protected.[3] To avoid an *in camera* review, the Court must find detailed, particularized information in a movant's affidavit and privilege log to support the asserted protections.[4] A bald assertion that a document is privileged or contains work-product is insufficient to support the Court's finding of a protection.[5]

  A.  **<u>Superior's Assertion of the Attorney-Client Privilege:</u>**

A party seeking to assert the attorney-client privilege must show that the document contains 1) a communication; 2) between privileged persons; 3) made in confidence; and 4) for the purposes of seeking or obtaining legal advice.[6] An accountant-client privilege does not exist in the 10th Circuit.[7] Communications made by a third-party accountant may be protected by the attorney-client privilege where the accountant is making the communications to an attorney as an agent for a protected client.[8] Superior argues that documents prepared by or for its accountants,

---

[2] See Motley, 71 F.3d at 1551 (discussing the adequacy of the movant's affidavit).

[3] Paul R. Rice, Attorney-Client Privilege in the United States § 11:11 (2nd ed., 2005).

[4] Id. at § 11:10 (citing to International Paper Co. v. Fibreboard Corp., 63 F.R.D. 88, 94 (D. Del. 1974).

[5] In re Foster, 188 F.3d 1259, 1264 (10th Cir. 1999).

[6] See Id. at 1264 (citing to the elements of attorney-client privilege under federal common law).

[7] In re Grand Jury Proceedings, 658 F.2d 782, 784 (10th Cir. 1981).

[8] Edna Epstein, The Attorney-Client Privilege and the Work-Product Doctrine 135 (American Bar Association 4th ed. 2001).

Robin Bastar and Curt McNeely, are protected by the attorney-client privilege as agents for Superior.

The Court determines that Mr. Bastar and Mr. McNeely are agents for Superior, and thus their communications with counsel for Superior may be eligible for protections under the attorney-client privilege.

The Court determines, however, that Superior has not carried its burden to show that the attorney-client privilege applies to *most* of the documents listed as protected in its privilege logs. Several of the documents discussed in the privilege logs discuss handwritten notes regarding phone calls or regarding litigation strategy. There appears to be no apparent recipient for these notes. From these descriptions, the Court cannot determine whether the notes contain a communication between privileged persons, or whether they were written for the purpose of obtaining legal advice. Other documents discussed in the privilege log discuss fax cover sheets. The descriptions of these cover sheets in the privilege log is simply too vague to support a determination of whether the elements of the attorney-client privilege apply.

On the other hand, a careful review of the privilege logs does persuade the Court that Superior has carried its burden to establish that *some* of the documents discussed therein are protected by the attorney-client privilege. Specifically, the Court determines that the following documents are protected by the attorney client-privilege:

Document Numbers from the privilege log of Robin Bastar: 7, 12, 13-16, 21, 22, 24-30.
Document Numbers from the privilege log of Curt McNeely: 6, 7, 14, 16, 21-23.

The Court determines that, with the exception of the documents listed above, Superior has not carried its burden to show that the asserted protections in the McNeely and Bastar

*4*

privilege logs are warranted. Subject to the analysis of the Work Product Doctrine below, the documents not listed above must be turned over to the Plaintiff.

**B.** **Superior's Assertion of the Work-Product Doctrine:**

1. The Work-Product Doctrine Applies to All Documents in the Privilege Logs

Under Federal Rule of Civil Procedure 26(b)(3), documents prepared in anticipation of litigation by or for a party's representative are protected from discovery under the Work-Product Doctrine.

Superior has carried its burden to show that all of the documents listed in the privilege logs for Mr. Bastar and Mr. McNeely are protected by the Work-Product Doctrine, subject to the Plaintiff's ability to show an exception to the doctrine. The affidavits and privilege logs submitted by Superior establish that each of the documents for which Superior asserts the work-product protections was prepared by a representative of Superior, and in contemplation of this litigation.

2. The Work-Product May be Subject to an Exception

An opposing party may nevertheless obtain discovery of work-product where "the party seeking discovery has substantial need of the materials in the preparation of the party's case and the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." In Upjohn Co. v. United States, the United States Supreme Court recognized that some courts interpreting this provision have held that the exception does not apply to work-product based on oral statements from witnesses, whereas other courts require a heightened

standard for applying the exception.[9] The Upjohn Court did not decide which approach is correct.[10] In Latin Investment, the Bankruptcy Court for the District of Columbia held that an accountant's assessment of the merits of a party's case constitutes "core work-product" and is subject to this heightened standard for establishing an exception to the Work-Product Doctrine.[11]

The Court is persuaded by the reasoning of Latin Investment. Thus, the Court should apply this heightened standard to Superior's assertion of the Work-Product Doctrine so long as the work-product at issue exhibits an assessment of the merits of Superior's case by Mr. Bastar or Mr. McNeely. On the other hand, however, if the work-product at issue discusses only factual or analytical observations, the Plaintiff may obtain discovery of the work-product by showing the usual 'substantial need' exception under Rule of Civil Procedure 26(b).

The Court determines that most the work-product listed in the privilege logs are not 'core.' Most of the work-product at issue was authored by Mr. Bastar or Mr. McNeely. It is not apparent to the Court that either Mr. Bastar or Mr. McNeely were evaluating the merits of Superior's case. In fact, at the hearing on Superior's Motion to Quash, counsel for Superior represented to the Court that Mr. Bastar and Mr. McNeely were hired primarily to help interpret the accounting information at issue in this case. Thus, it appears that any communications made by Mr. Bastar or Mr. McNeely are not going to the merits of this case as would communications made by an attorney. If Mr. Bastar and Mr. McNeely were hired to interpret data, their communications are not the kind of work-product subject to the heightened standard discussed

---

[9] 449 U.S. 383, 400 (1981)(citing to cases providing an absolute protection for "personal recollections, notes, and memoranda pertaining to conversation with witnesses").

[10] Id. at 402.

[11] Latin Investment Corp., 160 B.R. at 266.

by Upjohn or Latin Investment. Thus, the Court concludes that the Plaintiff may obtain discovery of work-product authored by Mr. Bastar and Mr. McNeely by showing the lower standard for an exception to the work-product rule, under Rule 26: 1) the Plaintiff has a substantial need for the work-product; and 2) the Plaintiff is unable to obtain the work-product's substantial equivalent without undue hardship.

The Plaintiff argues that it has a substantial need for the work-product created by Mr. Bastar and Mr. McNeely because they are important witnesses in this litigation. The Plaintiff argues that Mr. Bastar and Mr. McNeely's testimony regarding the accounting evidence in this case will, as a matter of course, have been biased or influenced by their consulting for Superior.

The Plaintiff also argues, that it cannot obtain the information contained in the work-product through any alternative means of discovery. Superior does not contend this issue.

The Court determines that the Plaintiff has carried its burden under Federal Rule of Civil Procedure 26(b) to show that it is entitled to discovery of some of the work-product in this case. Specifically, Plaintiff is entitled to discovery of the work-product authored by Mr. Bastar or Mr. McNeely. Obviously, the Plaintiff may not discover documents which are also protected by the attorney-client privilege.

Documents authored by counsel for Superior are considered 'core work-product.' The Court determines that the Plaintiff has not satisfied the heightened standard of proof discussed by Upjohn, required to discover 'core work-product.' Thus, the Plaintiff *may not* discover work-product authored by counsel for Superior.

There is insufficient evidence to determine whether Mr. Pratt's work-product is 'core work-product.' Unlike Mr. Bastar or Mr. McNeely, however, Mr. Pratt's work-product is more

likely to be considered 'core' because Mr. Pratt is an officer and manager of Superior, and thus likely has a more direct role in the litigation strategies and thoughts of Superior's counsel. The Court concludes that Superior has not *yet* carried its burden to show that work-product created by Mr. Pratt is 'core.' Accordingly, Superior may amend its privilege logs and affidavits to provide more information in an effort to carry this burden.

Citing to Latin Investment, the Plaintiff seems to make a separate argument that the Defendants have waived their right to claim the protections of the Work-Product Doctrine, by disclosing work-product to third party accountants. The Court finds little authority for this proposition in the Latin Investment decision. Mr. Bastar and Mr. McNeely had little incentive to violate the confidentiality of any information disclosed to them by counsel for Superior. The Court determines that the Defendants have not waived their right to claim the protections of the Work-Product Doctrine.[12]

## IV. CONCLUSION

The Motion to Quash is granted in part, and denied in part. A separate order accompanies this Memorandum Decision.

_____ End of Document_____

---

[12] The Court is aware that the Plaintiff has also alleged that the Defendants will waive any protections of Attorney-Client Privilege and the Work-Product Doctrine by calling Mr. Bastar or Mr. McNeely as witnesses at trial. This issue is not squarely before the Court, and the Court declines to opine as to the likely result of this argument.

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

Paul Veasy
Dianna Gibson
Parsons Behle & Latimer
One Utah Center
201 South Main Street, Suite 1800
Salt Lake City, UT 84111

Adam Affleck
Andrew Clawson
Prince, Yeates & Geldzahler
City Center I, Suite 900
175 East 400 South
Salt Lake City, UT 84111